IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **ROBERT R. JONES,** | ) | Civil Action No. 7:14cv00422 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **<u>MEMORANDUM OPINION</u>** |
| | ) | |
| **HAROLD W. CLARKE,** *et al.*, | ) | By: Norman K. Moon |
| Defendants. | ) | United States District Judge |

Robert R. Jones, a Virginia inmate proceeding *pro se*, filed a verified complaint pursuant to 42 U.S.C. § 1983. Jones names as defendants Harold W. Clarke, the Director of the Virginia Department of Corrections ("VDOC"); A. David Robinson, Chief of Security for the VDOC; Scott Richeson, Program Director for the VDOC; Red Onion State Prison ("ROSP") Warden Randall Mathena; and ROSP security staff Lt. Kiser, Lt. G. Adams, Sgt. Phillips, and Officers Brock, Stidham, and Taylor.[1] Presently before me are defendants' motions to dismiss and for summary judgment. Jones has filed a response to the motion for summary judgment, and this matter is ripe for disposition.[2] Upon consideration of this action, I conclude that Richeson's motion to dismiss and Director Clarke, Chief Robinson, Warden Mathena, & Sgt. Phillips' motion for summary judgment should be granted but that disputes of material facts preclude awarding summary judgment in favor of Lt. Adams, Lt. Kiser, and Officers Brock, Stidham, and Taylor.

I.

Jones alleges in the verified complaint that Lt. Adams attacked him while Lt. Kiser and Officers Brock, Stidham, and Taylor stood by and allowed the attack to happen. At

---

[1] Both Lt. Kiser and Lt. Adams were sergeants at the time of the alleged events.
[2] I note that Jones cannot use a response to a motion for summary judgment to amend or correct the complaint. *See, e.g., Cloaninger v. McDevitt*, 555 F.3d 324, 336 (4th Cir. 2009) (noting that a plaintiff may not amend a complaint through argument in a brief opposing summary judgment).

approximately 4:00 p.m. on November 24, 2013, Officers Stidham and Brock escorted Jones to Lt. Adams' office, where Lt. Adams, Lt. Kiser, and Officer Taylor were waiting to discuss grievances Jones had filed about Officers Brock, Stidham, and Taylor. After Jones told Lt. Adams that policy permitted him to file grievances, Lt. Adams hit Jones in the head with a green logbook while Jones was handcuffed and sitting in a chair. Jones asked Lt. Kiser for help, but Lt. Adams told Jones that Lt. Kiser was not going to get involved. Lt. Adams then slapped Jones' face hard enough to split open Jones' lip. These officers did not respond to Jones' request for medical assistance and did not report Lt. Adams' unlawful use of force. After the night-shift officers came on duty, Jones told Sgt. Phillips about Lt. Adams' attack and asked for medical assistance, but Sgt. Phillips "refused to assist" Jones or to give Jones "paperwork."

In contrast, Defendants allege that no one struck Jones in Lt. Adams' office. Defendants ask that I award them summary judgment because they believe the medical and grievance records "blatantly contradict" Jones' version of events so that no reasonable trier of fact could find in Jones' favor.

## II.

On November 20, 2014, defendant Richeson filed his motion to dismiss, and on November 21, 2014, the court entered a *Roseboro*[3] notice, warning Jones that the court will assume that Jones has lost interest in the claims against Richeson or agrees with the arguments presented in the motion to dismiss if Jones does not respond to the motion. The court further warned Jones that he had to respond if he wanted to continue the case against Richeson. However, Jones has not responded to Richeson's motion to dismiss, and consequently, I find that

---

[3] *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

2

Jones has lost interest in prosecuting the case against Richeson and agrees with the arguments presented in Richeson's motion. Accordingly, Richeson's motion to dismiss will be granted.

III.

A party is entitled to summary judgment if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a). Material facts are those necessary to establish the elements of a party's cause of action. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. *Id.* The moving party has the burden of showing – "that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant satisfies this burden, then the non-movant must set forth specific, admissible facts that demonstrate the existence of a genuine issue of fact for trial. *Id.* at 322-23. A party is entitled to summary judgment if the record as a whole could not lead a rational trier of fact to find in favor of the non-movant. *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991); *see Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995) ("Mere unsupported speculation . . . is not enough to defeat a summary judgment motion."). However, summary judgment is not appropriate where the ultimate factual conclusions to be drawn are in dispute. *Overstreet v. Ky. Cent. Life Ins. Co.*, 950 F.2d 931, 937 (4th Cir. 1991). A court may not resolve disputed facts, weigh the evidence, or make determinations of credibility. *Russell v. Microdyne Corp.*, 65 F.3d 1229, 1239 (4th Cir. 1995); *Sosebee v. Murphy*, 797 F.2d 179, 182 (4th Cir. 1986). Instead, a court accepts as true the

3

evidence of the non-moving party and resolves all internal conflicts and inferences in the non-moving party's favor. *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979).

## IV.

Defendants argue that Jones failed to exhaust available administrative remedies, as required by 42 U.S.C. § 1997e(a), about all claims except Lt. Adams' alleged excessive force in the presence of Lt. Kiser and Officers Brock, Stidham, and Taylor. The exhaustion requirement is mandatory and "applies to all inmate suits about prison life[.]" *Porter v. Nussle*, 534 U.S. 516, 524, 532 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). When a prison provides an administrative grievance procedure, the inmate must file a grievance raising a particular claim and pursue it through all available levels of appeal to "properly exhaust." *Id.*; *Dixon v. Page*, 291 F.3d 485, 490-91 (7th Cir. 2002). "[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). "[W]hen prison officials prevent inmates from using the administrative process . . ., the process that exists on paper becomes unavailable in reality." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). A defendant has the burden to prove an inmate's failure to exhaust available administrative remedies. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Once a defendant presents evidence of a failure to exhaust, the burden of proof shifts to the plaintiff to show, by a preponderance of the evidence, that exhaustion occurred or administrative remedies were unavailable through no fault of the plaintiff. *See, e.g.*, *Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011).

4

VDOC Department Operating Procedure ("OP") 866.1, "Offender Grievance Procedure," provides the administrative remedies for inmates to resolve complaints, appeal administrative decisions, and challenge policies and procedures. The process provides correctional administrators means to identify potential problems and, if necessary, correct those problems in a timely manner. All issues are grievable except issues about policies, procedures, and decisions of the Virginia Parole Board; disciplinary hearing penalties and/or procedural errors; state and federal court decisions, laws, and regulations; and other matters beyond the VDOC's control. Inmates are oriented to the inmate grievance procedure when they enter the VDOC's custody and when they are transferred to other VDOC facilities. Prior to submitting a grievance, the inmate must make a good-faith effort to informally resolve the issue by submitting an informal complaint form, which is available in housing units. If the issue is not informally resolved, the inmate must file a regular grievance within thirty calendar days from the date of the occurrence or incident.

The record reveals that Jones did not exhaust available administrative remedies for his claims about deliberate indifference to a serious medical need, a conspiracy, or a failure to supervise. Although Jones alleges that Sgt. Phillips did not give him some "paperwork" hours after the alleged attack, he fails to establish that administrative remedies were unavailable through no fault of Jones or how he otherwise attempted to pursue administrative remedies after Sgt. Phillips' shift or within thirty days of the alleged attack about a serious medical need, a conspiracy, or a failure to supervise. Accordingly, defendants are entitled to summary judgment for all claims except for the excessive force claim involving Lt. Adams, Lt. Kiser, and Officers Brock, Stidham, and Taylor due to Jones' failure to exhaust available administrative remedies.

5

Case 7:14-cv-00422-JPJ-PMS   Document 40   Filed 09/09/15   Page 5 of 10   Pageid#: 268

V.

Jones alleges that Lt. Adams used excessive force and that Lt. Kiser and Officers Brock, Stidham, and Taylor are liable as bystanders to Lt. Adams' excessive force. Jones further complains that Sgt. Phillips is liable for not giving Jones "paperwork" hours after the alleged attack.[4] Jones has not alleged any facts involving Director Clarke, Chief Robinson, or Warden Mathena.

I conclude that Jones fails to demonstrate a constitutional violation by Director Clarke, Chief Robinson, Warden Mathena, or Sgt. Phillips, but I conclude that disputes of material facts exist as to whether Lt. Adams, Lt. Kiser, and Officers Brock, Stidham, and Taylor are liable for Lt. Adams' alleged attack. Accordingly, I will grant in part and deny in part defendants' motion for summary judgment.

A.

The Eighth Amendment prohibits prison officials from inflicting unnecessary and wanton pain and suffering on prisoners. *Whitley v. Albers*, 475 U.S. 312, 320 (1986). To resolve a claim that prison staff's excessive force violated the Eighth Amendment, a court must determine whether the force applied was "in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Id.* at 320-21. Whether the force was necessary or intentionally aimed at inflicting unnecessary physical harm depends on factors such as the need for the application of force, the relationship between the need and the amount of force used, the extent of injury inflicted, the extent of the threat to the safety of staff and inmates reasonably perceived by responsible officials, and any efforts made to temper the

---

[4] Jones failed to exhaust available administrative remedies for this additional claim that Lt. Adams, Lt. Kiser, Sgt. Phillips, and Officers Brock, Stidham, and Taylor were deliberately indifferent to a serious medical. Nonetheless, such a claim fails as discussed *infra*.

6

severity of a forceful response. *Id.* at 321; *see, e.g.*, *Wilkins v. Gaddy*, 559 U.S. 34, 37-39 (2010).

Jones alleges that he was peacefully sitting in a chair while handcuffed in Lt. Adams' office when Lt. Adams struck Jones across the face with his hand so hard as to split Jones' lip and with a logbook. Having reviewed the record as a whole and drawing all reasonable inferences in the light most favorable to Jones, I conclude that Jones states a viable excessive force claim in light of the *Whitley* factors. *See Sawyer v. Asbury*, 537 F. App'x 283, 290, 295 (4th Cir. 2013) (holding that an officer's "deployment of a blow to the head . . . in response to mere insulting words and noncompliance with the deputy's orders, was excessive" because it "did not constitute a good faith effort to maintain or restore discipline"). The medical and grievance records do not make Jones' allegations incredible as a matter of law, and given the disparity between Jones' and defendants' versions of events, there are genuine issues of material fact to preclude summary judgment for this claim.[5]

Jones further alleges that defendants Lt. Kiser and Officers Brock, Stidham, and Taylor passively watched Lt. Adams attack Jones. A correctional officer may be liable as a bystander if the officer: "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." *Randall v. Prince George's Cnty., Md.*, 302 F.3d 188, 204 (4th Cir. 2002). Jones' allegations about Lt. Kiser and Officers Brock, Stidham, and Taylor's inaction satisfies these elements, and this cause of action was clearly established before the events on November 24, 2013. *See id.* However, because Jones must prove a violation of a constitutional right as a prerequisite to establishing bystander

---

[5] These same disputes of facts preclude defendants' argument that they are entitled to qualified immunity. *Buonocore v. Harris*, 65 F.3d 347, 359 (4th Cir. 1995).

7

liability, *Willis v. Oakes*, 493 F. Supp. 2d 776, 784 (W.D. Va. 2007), this claim, too, must be resolved by trial.

However, defendants are entitled to qualified immunity for Jones' related allegation that Lt. Adams' alleged attack is a result of a "conspiracy" amongst defendants. "To establish a civil conspiracy under § 1983, [a plaintiff] must present evidence that the [defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [the] deprivation of a constitutional right . . . ." *Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996). Also, the factual allegations must amount "to more than rank speculation and conjecture" and must "give rise to an inference that each alleged conspirator shared the same conspiratorial objective." *Id.* at 422. In this case, Jones presents only his mere speculation, and his reliance on labels and conclusions is insufficient to state a conspiracy claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007). Accordingly, defendants are entitled to qualified immunity and summary judgment for the conspiracy claim.

**B.**

To succeed on his Eighth Amendment claim about the deprivation of medical care, Jones must sufficiently demonstrate that a defendant was deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). A medical need serious enough to give rise to a constitutional claim involves a condition that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008).

Deliberate indifference means a defendant was personally aware of facts indicating a substantial risk of serious harm and actually recognized the existence of such a risk. *Farmer v.*

8

*Brennan*, 511 U.S. 825, 838 (1994); *Estelle*, 429 U.S. at 104. "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990); *see Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) ("[T]he evidence must show that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'"). "A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position." *Miltier*, 896 F.2d at 851-52.

Viewing the evidence in the light most favorable to Jones, no reasonable trier of fact could find a defendant deliberately indifferent to Jones' split lip or other alleged injuries after being hit with a logbook and smacked. Under Jones' version of events, no serious medical need would be apparent, and Jones fails to establish that any defendant recognized Jones' split lip exposed Jones to any substantial risk of serious harm. Moreover, Jones does not establish that any delay in receiving medical treatment resulted in a "substantial harm." *See, e.g., Webb v. Hamidullah*, 281 F. App'x 159, 166 (4th Cir. 2008); *see also Shabazz v. Prison Health Servs.*, No. 3:10cv190, 2011 WL 3489661, at *6, 2011 U.S. Dist. LEXIS 88124, at *19 (E.D. Va. Aug. 9, 2011) ("[T]he substantial harm requirement may be satisfied by lifelong handicap, permanent loss, or considerable pain."). Accordingly, I conclude that defendants are entitled to qualified immunity and summary judgment for claims about their deliberate indifference to a serious medical need.

## C.

Jones seeks to hold Director Clarke, Chief Robinson, and Warden Mathena liable due to their supervisory capacities in the prison and the VDOC. Supervisory liability under § 1983 may

9

not be predicated on the theory of *respondeat superior*, and Jones fails to establish any significant relationship between Director Clarke, Chief Robinson, and Warden Mathena and the other defendants. *See, e.g.*, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 663 n.7 (1978); *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994); *Fisher v. Washington Area Transit Auth.*, 690 F.2d 1133, 1142 (4th Cir. 1982). Warden Mathena's review of one grievance after the alleged attack events is not sufficient to establish liability. *See, e.g.*, *DePaola v. Ray*, No. 7:12cv00139, 2013 U.S. Dist. LEXIS 117182, at *23, 2013 WL 4451236, at *8 (W.D. Va. July 22, 2013) (citing *Brooks v. Beard*, 167 F. App'x 923, 925 (3rd Cir. 2006)). Accordingly, I conclude that Director Clarke, Chief Robinson, and Warden Mathena are entitled to qualified immunity and summary judgment.

## VI.

For the reasons stated, I will grant Richeson's motion to dismiss and the remaining defendants' motion for summary judgment as to Director Clarke, Chief Robinson, Warden Mathena, and Sgt. Phillips. I will deny the motion for summary judgment as to Lt. Adams, Lt. Kiser, and Officers Brock, Stidham, and Taylor due to disputes of material facts.

**ENTER**: This __9th__ day of September, 2015.

                                                                         NORMAN K. MOON
                                                                         UNITED STATES DISTRICT JUDGE